IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KINSALE INSURANCE COMPANY,

      Plaintiff,

v.                                                     No. 1:23-cv-00629-MLG-JMR

ONE CENTRAL ASSOCIATES, LLC, and
JUSTIN R. KAUFMAN, AS THE PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF JONATHAN LUMAR
GARZA, FOR MINOR STATUTORY BENEFICIARY
A.G. AND FOR HELEN GARZA,

      Defendants.

**MEMORANDUM OPINION AND ORDER ON**
**PLAINTFF'S MOTION FOR DEFAULT JUDGMENT**

    Plaintiff Kinsale Insurance Company ("Kinsale") issued a commercial general liability policy ("Policy") to Defendant One Central Associates, LLC ("One Central"). *See* Doc. 1 at 9. During the term of the Policy, an individual carried out a drive-by shooting in a parking lot owned by One Central, killing Johnathan Garza. *Id.* at 2 ¶ 8. Plaintiff Justin R. Kaufman, as the personal representative of Garza's estate and on behalf his beneficiaries—A.G., a minor, and Helen Garza— filed a wrongful death lawsuit against One Central in New Mexico state court. *Id.* ¶ 7. One Central subsequently tendered a claim for coverage under the Policy, which Kinsale accepted subject to a reservation of its right to determine whether Kaufman's claims were covered by the Policy. *Id.* at 3 ¶¶ 11-12.

    Kinsale exercised that right by filing suit for declaratory relief in federal court. *See generally id.* It seeks a judicial determination that the Policy does not afford coverage for damages

in the state litigation and that it has no obligation to defend or indemnify One Central or Kaufman in the underlying state lawsuit.[1] *Id.* at 7 ¶¶ 27-29. Kinsale also moves for default judgment against Kaufman because he did not answer the complaint and has not otherwise participated in this litigation.[2] *See generally* Doc. 23.

## DISCUSSION

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "case of actual controversy" refers to the cases and controversies justiciable under Article III of the United States Constitution—that is, cases where the plaintiff can demonstrate standing. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). The ultimate question regarding standing in declaratory judgment actions is "whether the facts as alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (italics omitted) (quoting *MedImmune, Inc.*, 549 U.S. at 127). The plaintiff bears the burden

---

[1] Kinsale claims that the Policy does not cover Garza's death because the Policy excludes coverage for intentional violent acts, among other interpretive disagreements. *See* Doc. 1 at 7; Doc. 23 at 1-2.

[2] Kinsale obtained an entry of default from the Clerk of Court as required under Federal Rule of Civil Procedure 55(a). *See* Doc. 13. Following that entry, the Court must now determine whether it has jurisdiction to adjudicate Kinsale's motion, and if so, whether default judgment is proper under Rule 55. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688.1 (4th ed. 2024).

to plead facts sufficient to answer this question in the affirmative. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

    Assuming Kaufman can be sued in his representative capacity, which is not altogether clear,[3] Kinsale does not allege facts sufficient to establish standing against him. Kinsale provides allegations supporting its theory that it has no obligations to One Central in the underlying lawsuit, *see* Doc. 1 at 2-6 ¶¶ 10-19, but allegations regarding Kaufman are notably scant. Kinsale does not claim that Kaufman is a named or additional insured under the Policy, *see id.* at 3-6, and a review of the Policy confirms that Kaufman is not covered under its terms. *See id.* at 9, 65. Any claims for indemnification which Kaufman could make against Kinsale would therefore be third-party claims contingent on Kinsale's obligations to cover One Central. Further, Kinsale fails to assert that Kaufman named it in the underlying lawsuit or that Kaufman made any demand for coverage or indemnification on Kinsale. In fact, the only factual allegations addressing Kaufman are that he filed and pursued the lawsuit against One Central in state court. *Id.* at 2 ¶¶ 7-9.

    Given this background, the Court is unable to identify a substantial controversy between Kinsale and Kaufman given the paucity of factual material in the complaint. Kinsale's dispute centers on whether the Policy requires Kinsale to defend and indemnify One Central in the underlying lawsuit. *See generally id.* Kinsale does not allege that it may be liable to Kaufman

---

[3] In this case, Kinsale sued Kaufman in his capacity as a personal representative under New Mexico's Wrongful Death Act, NMSA 1978, § 41-2-3 (2001). Doc. 1 at 1 ¶ 3. A threshold question exists as to whether a personal representative can be sued in that capacity by non-representative third parties. Relevant authority suggests not. Section 41-2-3 provides no basis for a personal representative to be sued. Further, New Mexico courts have held that a personal representative serves as "a nominal party for all the statutory beneficiaries to centralize the claims and prevent multiple and possibly contradictory lawsuits." *In re Estate of Sumler*, 2003-NMCA-030, ¶ 8, 133 N.M. 319, 62 P.3d 776 (quoting *Chavez v. Regents of the Univ. of N.M.*, 1985-NMSC-114, ¶ 10, 103 N.M. 606, 711 P.2d 883). As a nominal party to the suit, it is not clear how a declaration that Kinsale has no obligation to indemnify Kaufman affects the legal interests at play. On this basis, Kinsale's standing is questionable.

under the Policy's terms and instead focuses on the coverage dispute with One Central. *See id.* at 2 ¶¶ 7-9, 7 ¶ 29. Indeed, Kinsale's liability to Kaufman relies entirely on the outcome of other judicial proceedings: first, on whether the Court determines in this case that the Policy requires Kinsale to defend and indemnify One Central in the underlying state lawsuit; and second, on whether Kaufman prevails in establishing One Central's liability in that state litigation. A declaratory judgment against Kaufman would not resolve the case but would instead address legal issues collateral to the primary disputes in both the state and federal actions. Pertinent decisional authority cautions against such declarations. *See Calderon v. Ashmus*, 523 U.S. 740, 748 (1998) (emphasizing the need "to prevent federal-court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution"); *Columbian Fin. Corp.*, 650 F.3d at 1381-82 (applying *Calderon* in the context of an insurance coverage dispute); *see also First Am. Title Ins. Co v. Ortiz*, No. 1:11-CV-00391, 2012 WL 13076302, at *10 (D.N.M. Aug. 29, 2012) (concluding that a title insurance company lacked declaratory judgment standing because it failed to establish that its contingent liability had "actual or imminent consequences").

Because Kinsale's potential liability to Kaufman is remote, a declaration that Kinsale has no duty to indemnify him under the terms of the policy would serve no real purpose.[4] *See Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 244 (1952) ("The disagreement must not

---

[4] Notably, Kinsale requests that the Court enter a default judgment against Kaufman which would functionally determine the coverage dispute with One Central. *See* Doc. 23 at 6. The United States Supreme Court has long instructed that in cases with multiple defendants, judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *see also* Wright & Miller, *supra*, § 2688.1. The Tenth Circuit has repeatedly applied the *Frow* rule in various circumstances. *See Am. Select Ins. Co. v. Johnson*, No. 17-cv-01369, 2017 WL 5256344, at *3 (D. Colo. Nov. 13, 2017) (collecting cases). So even if Kinsale had standing to sue Kaufman, default judgment would be inappropriate at this stage.

be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, . . . and some useful purpose to be achieved in deciding them."). It would not resolve the primary coverage dispute because Kaufman is not an insured under the Policy and has no current basis to challenge Kinsale's contractual obligations. *See Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 26, 135 N.M. 397, 89 P.3d 69 (precluding third-party challenges to insurance policies until liability and damages have been determined in the underlying negligence suit). At best, Kinsale's request for declaratory relief would abrogate Kaufman's ability to pursue a third-party coverage suit against Kinsale in the future—a remote possibility of no immediate consequence.

Kinsale's failure to allege facts sufficient to establish standing against Kaufman is a jurisdictional defect that precludes the Court from issuing a declaratory judgment. *See Hill v. Vanderbilt Cap. Advisors, LLC*, 702 F.3d 1220, 1224-25 (10th Cir. 2012) (concluding that lack of standing can deprive a court of subject matter jurisdiction). Accordingly, Kaufman will be dismissed from this case.

## CONCLUSION

Under the facts alleged in the complaint, Kinsale lacks standing to seek a declaratory judgment against Kaufman. Accordingly, Kaufman is dismissed and Kinsale's motion for default judgment, Doc. 23, is denied.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA